■ CARMELA DACUNTO, Respondent, v DYKER TERRACE, INC., et al., Defendants, and PARENTS WITHOUT PARTNERS, Appellant.—In an action to recover damages for personal injuries, the defendant Parents Without Partners appeals from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated April 26, 1989, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly slipped and fell while dancing at a social function held by the appellant Parents Without Partners at Dyker Terrace in Brooklyn. The plaintiff commenced an action against Dyker Terrace, Inc., Joseph Ferrantelli, the owner of Dyker Terrace, Inc., and Parents Without Partners, which allegedly rented the facility for the social function.

Although the appellant resisted discovery, it nevertheless denies any involvement with the social function, and claims that a local chapter of the organization sponsored the event.

As movant, the appellant must establish its defense sufficiently to warrant a court directing judgment in its favor as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Here, a triable issue of fact exists as to whether the appellant rented the facility for a social function and, therefore, the appellant's motion for summary judgment was properly denied by the Supreme Court. Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.